IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

U.S. BANKRUPTCY COURT CENTRAL IL DISTRICT 2004 JAN 28 PM 1:18 FILED

| IN RE: | ) | Chapter 7 Proceeding |
|---|---|---|
| | ) | |
| Jon F. Hosler, | ) | Case No. 03 B 74471 |
| | ) | |
| Debtor(s). | ) | Judge Larry Lessen |

**MOTION TO MODIFY THE AUTOMATIC STAY**

Now comes Bank One N.A., by Darren L. Besic, its attorney, and moves this Court for entry of an Order modifying the Automatic Stay to allow Bank One N.A. to proceed against its collateral, pursuant to 11 U.S.C. § 362(d), and in support thereof, states as follows:

1. The Debtor(s) filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 24, 2003.

2. Bank One N.A. is a secured creditor of the Debtor(s) pursuant to a Retail Installment Contract ("Contract") subsequently assigned to Bank One N.A. A copy of the Contract is attached as Exhibit "A".

3. Pursuant to this Contract (Ex. A), Bank One N.A. was granted a security interest in a 2000 Jeep Wrangler SE 4WD, VIN / S/N# 1J4FA29P7YP734826, which has been perfected by Bank One N.A. recording its lien on the title to the vehicle. A copy of the Certificate of Title of a Vehicle is attached hereto as Exhibit "B".

4. The Debtor(s) is/are in default under the terms of the Contract (Ex. A) for failure to make the installment payments due November 14, 2003 and each month thereafter.

5. Under the terms of the Contract (Ex. A), Bank One N.A. is entitled to possession of its collateral in the event of default.

6. The outstanding balance on this account is $9,493.87, plus accrued late charges, attorney's fees and costs.

7. Bank One N.A. believes that the estate possesses no equity in the collateral. Any perceived equity in excess of the valid and perfected liens is of inconsequential value to the estate. Bank One N.A. further believes that any effort by the Chapter 7 Trustee to recover and sell the collateral will create an undue financial burden on the bankruptcy estate and further increase the costs of administration.

1-28-04 c/s Besic 27

**UNITED STATES BANKRUPTCY COURT**

CENTRAL DISTRICT OF ILLINOIS RECEIPT

**Case # 03-74471** Chapter 7
Filed: 09/24/03 Springfield

Judge: Larry Lessen
Trustee: Jeffrey D Richardson
Debtor(s):
Jon F Hosler

**# 070069641 - KW**
03:46 PM, January 28, 2004

| **Code** | **Qty** | **Amount** |
|---|---|---|
| ST | 1 | $150.00 |

**TOTAL PAID: $150.00**

From: Darren L Besic
5 E Wilson St
Batavia, IL 60510

**3**

8. The vehicle is not necessary to the effective reorganization of the Debtor(s) since this is a liquidation proceeding.

9. The Debtor(s) has/have failed to maintain physical damage insurance on the vehicle despite the Debtor'(s') obligation under the Contract (Ex. A) and the adequate protection requirements of the U.S. Bankruptcy Code to do so.

10. The substantial security interest of Bank One N.A. in this vehicle is not adequately protected since the vehicle is uninsured and is rapidly depreciating in value while payments are not being made to Bank One N.A.

WHEREFORE, Bank One N.A. prays that this Court enter its Order granting relief from the Automatic Stay, authorizing Bank One N.A. to exercise its rights under the Contract and Security Agreement and applicable non-bankruptcy laws, immediately without any delay or stay under Rule 4001 or otherwise, and for such other orders as the Court deems just and proper.

Bank One N.A.

BY:________________________
One of its attorneys

Darren L. Besic, Esq.
Attorney for Bank One N.A.
5 East Wilson Street
Batavia, IL 60510
(630) 406-8555

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Proceeding |
| | ) | |
| Jon F. Hosler, | ) | Case No. 03 B 74471 |
| | ) | |
| Debtor(s). | ) | Judge Larry Lessen |

**NOTICE OF MOTION**

TO: Jon F. Hosler
2272 Franzy Drive
Decatur, Illinois 62521

Richard W. Hopp
PO Box 3220
Decatur, Illinois 62524

Jeffrey D. Richardson
PO Box 1640
Decatur, Illinois 62525

PLEASE TAKE NOTICE that on January 27, 2004, the undersigned caused to be mailed to the Clerk of the U.S. Bankruptcy Court, 2nd Floor, Room 226, 600 East Monroe Street, Springfield, Illinois 62701, for filing the attached:

**MOTION TO MODIFY THE AUTOMATIC STAY**

Darren L. Besic, Esq.
Attorney for Bank One N.A.
5 East Wilson Street
Batavia, IL 60510
(630) 406-8555

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on January 27, 2004, he caused to be mailed a copy of the foregoing Notice of Motion to the named addressees, by first class mail, postage prepaid, from 18 East Wilson Street, Batavia, Illinois, before 5:00 p.m. on that date.

Darren L. Besic

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

IN RE: )
Jon F. Hosler, ) Case No. 03 B 74471
Debtor(s). )

**STATEMENT OF DEFAULT - MOTION TO MODIFY STAY**

Date Petition Filed September 24, 2003 Date Plan Confirmed ___________________

I. Collateral
A. Home __________
B. Car XX Year and Model 2000 Jeep Wrangler SE 4WD
C. Other ____

II. Lien
A. Date April 18, 2002
B. Present Balance $9,493.87, plus accrued late charges, fees and costs

III. Value of Collateral $9,700.00 (Source: NADA)

IV. Pre-Petition Arrearage
A. # of mos. _______
B. Amount ________

V. Post-Petition Defaults
A. On Current Payments
1. # of mos. 3
2. Amount $882.21
B. On Arrearage under the Plan
1. # of mos. ______
2. Amount ______

VI. Other Allegations
A. Lack of Adequate Protection 362(d)(1)
1. No insurance XX
2. Taxes not paid ____________
3. Depreciating Asset XX
4. Other
B. 362(d)(2)
1. No equity XX
2. Not necessary to effectuate reorganization XX
C. 362(d)(1) Cause
1. Bad Faith ________________________
a. Multiple Filings _____________
2. Other ____________________________

Dated: January 27, 2004

_______________________________
Darren L. Besic, Attorney for Bank One N.A.

RETAIL INSTALLMENT CONTRACT — MOTOR VEHICLE — SIMPLE [illegible]

1210[illegible]

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your downpayment of $ N/A |
|---|---|---|---|---|
| 12.50 % | $ 4681.94 | $ 13062.26 | $ 17544.20 | $ 17544.20 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 60 | $ 298.07 | monthly beginning 03/14/2002 |
| | $ N/A | |

Security: [illegible]

Late Charge: [illegible]

Prepayment: [illegible]

| | |
|---|---|
| Cash Price | $ 10890.00 |
| Less Cash Downpayment | $ N/A |
| Value of Trade-In: Trade $ N/A | |
| Lien Payoff $ N/A | |
| To | $ N/A |
| Unpaid Balance of Cash Price | $ 10890.00 |
| Unpaid Balance Due on Trade-In | $ N/A |
| Year, Make, Model of Buyer's Trade-In (Paid to) | |
| Insurance Companies | |
| | $ N/A |
| | $ N/A |
| | $ N/A |
| Public Officials (License, Title & Taxes) | $ 826.78 |
| To BOB BRADY DOD | $ 50.48 |
| To | $ 1295.00 |
| To | $ N/A |
| To | $ N/A |

Buyer(s) JON E MOSLER 1003 S 32ND ST DECATUR IL 62521

Buyer(s) ______________________________

Seller BOB BRADY DODGE INC 4025 E BOYD RD DECATUR IL 62521

Seller hereby sells and Buyer or Buyers, jointly and severally, hereby purchase the following motor vehicle with accessories and equipment thereon for the deferred payment price and on the terms set forth in this contract. Buyer acknowledges delivery and acceptance of said motor vehicle in good condition.

| New or Used | Year | Make of Vehicle | Model | Body Style | No. Cyl. | Serial Number | Body Color | Top Color | Key No. |
|---|---|---|---|---|---|---|---|---|---|
| USED | 2000 | JEEP | WRANGLER | 4DR | 4 | 1J4FA29P7YP734926 | RED | | |

Buyer Promises to pay to the order of Seller at the offices of: BANK ONE WISCONSIN BANK ONE, WISCONSIN N.A. [illegible] located at LOUISVILLE [illegible], Illinois the Amount Financed shown above together with a Finance Charge on the principal balance of the Amount Financed from time to time unpaid at the rate of 12.50 % per annum from date until maturity in 59 installments of $ 304.07 each and a final installment of $ 304.07, beginning on MARCH 14th, 2002 and continuing on the same day of each successive month thereafter until fully paid. [illegible]

SECURITY INTERESTS: [illegible]

ACCELERATION: [illegible]

PREPAYMENT: THE BUYER MAY PREPAY IN FULL OR IN PART THE UNPAID BALANCE OF THE CONTRACT AT ANY TIME WITHOUT PENALTY.

DELINQUENCY CHARGE: [illegible]

INSURANCE AGREEMENT: [illegible] If such insurance is to be obtained through Seller, the cost for a term of N/A months will be $ N/A

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT

Credit Insurance is not required by Seller [illegible]

Credit Life Insurance $ N/A Credit Disability Insurance $ N/A

| I desire Credit Life and Disability Insurance. | I desire Credit Life Insurance only. | I DO NOT want Credit Life or Disability Insurance. |
|---|---|---|
| (Age of Insured) (Signature) (Date) | (Age of Insured) (Signature) (Date) | (Signature) 02/12/2002 |
| (Age of Insured) (Signature) (Date) | (Age of Insured) (Signature) (Date) | (Signature) (Date) |

SEE REVERSE HEREOF FOR INFORMATION ON POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM.

NOTICE OF PROPOSED GROUP CREDIT LIFE INSURANCE

[illegible]

Other insurance: ______________ (Type of Insurance), the cost for a term of ____ months will be $ 1295.00

BUYER AGREES THAT THE PROVISIONS ON THE REVERSE SIDE HEREOF SHALL CONSTITUTE A PART OF THIS RETAIL INSTALLMENT CONTRACT AND BE INCORPORATED HEREIN. If this contract evidences the sale of a used motor vehicle (1) Buyer acknowledges receipt of the original or a true copy of the "Buyer's Guide" form displayed by Seller on the side window of the used vehicle; and (2) THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS USED VEHICLE IS A PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

DOCUMENTARY FEE: A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 1992, WAS $40. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $40 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX. THIS NOTICE IS REQUIRED BY LAW.

NOTICE TO BUYER: 1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge. Buyer acknowledges receipt of a fully completed copy of this contract executed by both Seller and Buyer. Guarantor, if any, acknowledges receipt of completed copies of this contract and of Explanation of Guarantor's Obligation.

CO-BUYER: A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing below, (1) I confirm that I will actually receive possession of the vehicle or will use it, or that I am a parent or spouse of the Buyer, or that I will be listed as an owner on the vehicle's title; (2) I agree to be primarily obligated under this contract; and (3) I consent to the Creditor having a security interest in the vehicle.

Dated: FEBRUARY 12th, 2002

Seller: BOB BRADY DODGE, INC.

By: [signature] Title

Guarantor ______________________________

I hereby guarantee the collection of the above described amount upon failure of the Seller [illegible] to collect such amount from the Buyer named herein.

Buyer(s) acknowledges receipt of a fully completed and executed copy of this Contract.

RETAIL INSTALLMENT CONTRACT

Buyer [signature]

Buyer ______________________________

INSTRUCTIONS: If parent, spouse, or other person who is or will be listed as an owner on the vehicle's title is a Co-Buyer, sign above. Other co-signers, sign on the Guarantor line.

Copyright 1990 ILLIANA FINANCIAL, INC., Hickory Hills, IL and ILLINOIS BANKERS ASSOCIATION, Chicago, IL (All Rights Reserved) Form IPI-26 (Rev. 11/90)

ORIGINAL

ADDITIONAL A[illegible]S OF BUYER

1. Waiver of any default in the payment of any installment [illegible]

2. Buyer agrees to keep said motor vehicle fully insured against loss by fire, theft and collision [illegible]

3. COLLATERAL PROTECTION INSURANCE: [illegible]

4. Buyer shall not use or permit said motor vehicle to be used in violation of any law or ordinance [illegible]

5. Upon the occurrence of any event of default, the holder of this contract shall have the rights and remedies provided by Article 9 of the Illinois Uniform Commercial Code [illegible]

6. Holder is authorized to apply any payment made by Buyer hereon to any other indebtedness of Buyer to holder, whether arising under this contract or otherwise.

7. Buyer agrees that holder, in retaking said motor vehicle as herein provided, may take possession of personal effects and property found therein and hold the same for delivery to Buyer.

8. Buyer agrees that if delivery of the motor vehicle is not made at the time of execution of this contract, the identifying number or marks and the due date of the first installment may be inserted by Seller in Seller's counterpart of the contract after it has been signed by Buyer.

9. If any provision of this contract is held invalid, the invalidity shall not affect the remaining provisions thereof.

**"NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM."**
**(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT LOAN EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR LOAN, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR LOAN, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.**

ASSIGNMENT

FOR VALUE RECEIVED, Seller hereby sells, assigns and transfers to
Bank One
(Name of Assignee) (Address of Assignee)

ASSIGNEE, its successors and assigns, all of Seller's right, title and interest in and to the within contract and the motor vehicle described therein. To induce Assignee to purchase said contract, Seller represents and warrants to Assignee (1) that the within contract is valid and genuine [illegible]

Dated 2-14-02

Bob Brady Dodge
Seller

By: [signature]
Authorized Signature Title

REPURCHASE AGREEMENT (Execute Assignment Also)

In addition to Seller's obligations set forth in the above Assignment, Seller agrees, in the event a claim or defense is asserted against Assignee by the Buyer at any time, Seller shall, on demand, repurchase the within contract for cash at a price equal to the net amount remaining unpaid on said contract; and Seller shall indemnify and hold Assignee harmless from any and all liabilities that may result at any time from any claim asserted by Buyer for recovery of amounts paid arising out of any promise, representation or warranty made by Seller or the Manufacturer to Buyer.

Dated: ____________________ Seller

By: ____________________ Authorized Signature Title

FULL RECOURSE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations as set forth in the above assignment, Seller unconditionally guarantees prompt and full payment by Buyer of the Total of Payments and all other amounts due from Buyer under the within contract. If Buyer shall fail to pay any installment when due, Seller agrees to pay to Assignee, on demand, the full amount remaining unpaid on said contract. Seller agrees that it shall not be necessary for Assignee to proceed first against Buyer or to have recourse to the motor vehicle before proceeding to enforce this agreement. Extension of the time of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: ____________________ Seller

By: ____________________ Authorized Signature Title

LIMITED REPURCHASE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller agrees, in the event that Assignee repossesses the motor vehicle described in the within contract on account of default by Buyer and delivers the same to Seller, Seller shall, on demand, repurchase said motor vehicle for cash at a price equal to the amount remaining unpaid on said contract plus all costs and expenses, including attorneys' fees, incurred by Assignee by reason of Buyer's default or in connection with repossession and delivery of the motor vehicle. This repurchase agreement shall remain in effect until Buyer has paid ________ full installments of the Total of Payments. Extension of the time of payment or variation of terms effected with the Buyer shall not release Seller from his obligation hereunder.

Dated: ____________________ Seller

By: ____________________ Authorized Signature Title

LIMITED GUARANTEE AGREEMENT (Execute Assignment Also)

In Addition to Seller's obligations set forth in the above assignment, Seller unconditionally guarantees that, in the event of default by the Buyer in the full payment of any installment of the within contract when due, Seller will pay to Assignee, on demand, the unpaid balance then due on the contract up to the limit of $ ________. This guarantee shall terminate after Buyer has paid ________ full scheduled installments on the Total of Payments. Extension of the times of payment or variation of terms effected by Assignee with Buyer shall not release Seller from his obligation hereunder.

Dated: ____________________ Seller

By: ____________________ Authorized Signature Title

STATE OF ILLINOIS

# CERTIFICATE OF TITLE OF A VEHICLE

| VEHICLE IDENTIFICATION NO. | YEAR | MAKE | MODEL | BODY STYLE | TITLE NO. |
|---|---|---|---|---|---|
| 1J4FA29P7YP734826 | 2000 | JEEP | WRNGLR ST | CARRYALL | T2098134039 |

| DATE ISSUED | ODOMETER | CCM | PURCHASED | PURCHASE DATE |
|---|---|---|---|---|
| 04/08/02 | 42460 | | USED | 02/12/02 |

MOBILE HOME SQ. FT.

TYPE OF TITLE: ORIGINAL

MAILING ADDRESS

BANK ONE WISCONSIN
401 W MAIN ST
LOUISVILLE KY 40202

LEGEND(S)

ACTUAL MILEAGE

OWNER(S) NAME AND ADDRESS
JON F HOSLER
1803 S 32ND ST
DECATUR IL 62521

FIRST LIENHOLDER NAME AND ADDRESS
BANK ONE WISCONSIN
401 W MAIN ST
LOUISVILLE KY 40202

SECOND LIENHOLDER NAME AND ADDRESS

RELEASE OF LIEN

ASSIGNMENT OF TITLE

The undersigned hereby certifies that the vehicle described in the title has been tr...

1210002417104 76 726
JEEP WRANGLER
JON F HOSLER
OPEN

Signature(s) of Seller(s)
Printed Name(s) of Seller(s)
Signature(s) of Buyer(s) ... Printed Name

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that according to the records on file with my Office, the person or entity named hereon is the owner of the vehicle described hereon, which is subject to the above named liens and encumbrances, if any. IN WITNESS WHEREOF, I HAVE AFFIXED MY SIGNATURE AND THE GREAT SEAL OF THE STATE OF ILLINOIS, AT SPRINGFIELD.

D27034532
CONTROL NO.

Jesse White
JESSE WHITE, Secretary of State

DO NOT ACCEPT TITLE SHOWING ANY ERASURES, ALTERATIONS OR MUTILATIONS